**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **United States of America,**<br><br>**v.**<br><br>**Aldrin Manuel Lara-Martinez,**<br><br>**Defendant.** | **Criminal Action No.**<br>**26-10050-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Aldrin Manuel Lara-Martinez ("Lara-Martinez" or "defendant") moves to dismiss the criminal charges against him, alleging that the Speedy Trial Act ("STA") was violated. He was arrested in the District of Puerto Rico in April, 2024 and is charged with 1) conspiracy to kill persons in a foreign country in violation of 18 U.S.C. §§ 956(a)(1) and (a)(2)(A), and (2) conspiracy to murder a U.S. national in violation of 18 U.S.C. §§ 1117 and 1119. Lara-Martinez has been in custody since his arraignment in May of 2024.

On February 24, 2026 Judge Silvia L. Carreno-Coll allowed defendant's motion to transfer the criminal proceedings from the District of Puerto Rico to the District of Massachusetts. The government attests that the period from February 12, 2026 to July 30, 2026 should be excluded. In response, Lara-Martinez

contends that between February 27, 2026 and July 30, 2026, more than 70 non-excludable days elapsed in violation of the STA.

## I. **Background**

### A. Facts

In determining whether defendant's rights protected by the STA have been violated, the Court will scrutinize the dockets of both the Puerto Rico case and this case. In April, 2024, in the District of Puerto Rico, Lara-Martinez was indicted on charges of conspiracy to commit murder in a foreign country in violation of 18 U.S.C. §956(a) and possession of firearms in furtherance of a crime of violence in violation of 18 U.S.C. §924(c). USA v. Lara-Martinez, 3:24-cr-00154-SCC (D.P.R.) ("Puerto Rico Docket"), Docket No. 1 at 1-2. On May 3, 2024, he appeared for an arraignment and release hearing in front of Judge Silvia L. Carreno-Coll of the District of Puerto Rico. Puerto Rico Docket No. 16. He was ordered detained pending trial and has remained in custody since then.

On October 9, 2025, the government filed a second superseding indictment charging Lara-Martinez with (1) conspiracy to kill persons in a foreign country in violation of 18 U.S.C. §§ 956(a)(1) and (a)(2)(A), and (2) conspiracy to murder a U.S. national in violation of 18 U.S.C. §§ 1117 and 1119. Puerto Rico Docket No. 114 at 7-9. On December 11, 2025,

defendant filed a Motion Requesting an Order to Transfer the criminal proceedings to the District of Massachusetts. Puerto Rico Docket No. 121. The government timely opposed that motion on January 21, 2026, and defendant replied on February 18, 2026. On February 12, 2026, Judge Carreno-Coll held a status conference in Puerto Rico on the Motion to Transfer Venue and ordered that

> [the] STA is tolled in the interest of justice until the next status conference. The Court finds that the defendant's need to review discovery outweighs the defendant's and the community's interest in a speedy trial,

and set the next status conference for March 26, 2026. On February 24, 2026 Judge Carreno-Coll allowed the Motion to Transfer Venue and the case was docketed in this Court on February 27, 2026. USA v. Lara-Martinez, 1:26-cr-10050-NMG (D. Mass.) ("D. Mass. Docket"), Docket No. 1. The government filed a Motion to Reconsider the venue transfer with the Puerto Rico court on March 24, 2026, which was denied on March 31, 2026. Puerto Rico Docket No. 143. Lara-Martinez was ordered transferred to this jurisdiction on February 26, 2026, but he did not arrive here until May 13, 2026.

On June 25, 2026, newly-appointed counsel for defendant filed a Motion to Reconsider his Detention order and to set conditions of release, and on July 20, 2026, Magistrate Judge Hedges held a hearing on that motion. D. Mass. Docket Nos. 9,

18. Magistrate Judge Hedges convened the next status conference on July 30, 2026. D. Mass. Docket No. 25. At that status conference, defendant objected to the order of excludable delay and to any continued tolling of the STA, claiming that the tolling ordered by Judge Carreno-Coll in February 2026 was no longer applicable. Magistrate Judge Hedges subsequently directed the government to file an order to exclude time and, in the interest of justice, granted the government's request to exclude time between July 30, 2026 and the next status conference, September 29, 2026.

The government filed the pending Motion for Excludable Delay in August, 2026 to exclude time from February 12, 2026, (the date Judge Carreno-Coll ordered the STA tolled "until the next status conference"), until the date defendant's Motion for Reconsideration was to be decided, which turned out to be September 9, 2026. D. Mass. Docket No. 39. The government contends that Judge Carreno-Coll's order to toll the STA "until the next status conference" was an open-ended continuance intended to expire when the status conference was actually held, not the initially scheduled date of March 26, 2026. That status conference did not take place because defendant's motion to transfer venue was granted before it occurred.

Lara-Martinez asserts that when Judge Carreno-Coll set the next status conference for March 26, 2026, he meant that the STA

was tolled only until March 26, 2026. He further contends that between February 27, 2026 and July 30, 2026, there are 153 total days, more than 70 of which are non-excludable.

On March 31, 2026 the Puerto Rico court denied the government's Motion to Reconsider the Order to Transfer Venue and on May 5, 2026, this Court denied as moot the government's Motion to Remand (Limited) back to Puerto Rico. Defendant avers that, although this Court did not rule on the Motion to Remand until May 5, it became moot on the same day that the Motion to Reconsider was decided in Puerto Rico, March 31, 2026, so that no time should be excluded after March 31, 2026. Defendant argues that there are 102 non-excludable days between the date after which the Motion to Transfer was decided in Puerto Rico, February 27, 2026, and July 30, 2026, the date of the status conference in this District, which constitutes a violation of the STA. Defendant's claim is based strictly upon the STA and not upon his Sixth Amendment right to a speedy trial.

**B. Procedural History**

The government filed the pending Motion for Excludable Delay in which it seeks to exclude all time between February 12, 2026 and August 13, 2026, the date of the decision on the defendant's motion to reconsider his detention order under the Speedy Trial Act ("Motion for Excludable Delay"). Defendant

then filed his Motion to Dismiss for Speedy Trial Act Violation on September 4, 2026. Following the allowance of an extension, the government timely opposed that motion on September 25, 2026. For the reasons set forth herein, the Court will deny the defendant's motion and allow the government's motion.

## II. Motion

### A. Legal Standard

The STA, which implements the right to a speedy trial under the Sixth Amendment, requires that the government bring a defendant to trial no more than 70 days after the defendant's indictment or initial appearance in the charging court, whichever is later. 18 U.S.C. §3161(c)(1). The STA sets forth several excludable periods of delay, either automatic or permissive, to accommodate the adversarial system. United States v. Scott, 180 F. Supp. 3d 88, 91 (D. Mass. 2015); United States v. Mahoney, No. CR.A. 07-40013-FDS, 2008 WL 2312478, at *2 (D. Mass. June 2, 2008). Under the STA, and relevant to the present motion, the following periods will be automatically excluded:

> D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. §3161(h)(1)(D).
>
> H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court. §3161(h)(1)(H).

Read in conjunction, when a pretrial motion does not require a hearing, the court shall exclude time from the date on which the motion is filed until the date on which the court receives all "reasonably expected papers," plus no more than 30 days during which time the motion is "under advisement". United States v. Rodriguez, 63 F.3d 1159, 1163 (1st Cir. 1995); Henderson v. United States, 476 U.S. 321, 329, 331 (1986); United States v. Martinez, No. CR 14-327, 2015 WL 10767368, at *3 (D.P.R. Dec. 28, 2015). The exclusion period includes the date of the filing and the date the court makes its ruling. It is intended to account for the time it takes for parties to file their briefs and for a court to dispose of a motion. Henderson, 476 U.S. at 331.

Also relevant to the present motion, a period of delay may be excluded

> if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. §3161(h)(7)(A); United States v. Huete-Sandoval, 668 F.3d 1, 3 (1st Cir. 2011). This is known as an ends-of-justice continuance and the Judge's findings must be on the record before the district court decides the defendant's motion to dismiss. Zedner v. United States, 547 U.S. 489, 507 (2006). In evaluating an ends-of-justice continuance, courts will consider

its reasonableness. United States v. Barnes, 251 F.3d 251, 256 (1st Cir. 2001) (finding that "reasonableness serves as the touchstone of an ends of justice analysis").

In the District of Massachusetts, the local rules account for excluding the period between arraignment and the initial status conference. L.R., D. Mass. 112.2(a)(1). When granting an excludable delay on the basis of the ends-of-justice, courts should identify the date on which the continuance will end. Open-ended continuances, for example ordering that the STA will toll "until the next status conference", are not, however, "prohibited per se" and can be found to be reasonable. United States v. Santiago-Becerril, 130 F.3d 11 (1st Cir. 1997); United States v. Parga-Rivas, 689 F. Supp. 2d 25, 27 n.1 (D.D.C. 2009); United States v. Mahoney, No. CR.A. 07-40013-FDS, 2008 WL 2312478, at *3 (D. Mass. June 2, 2008)(finding that the STA was not violated because both parties agreed to an open-ended continuance due to complex discovery).

Courts are unwilling to find that the STA was violated when the delay was caused by or benefited the defendant. United States v. Scantleberry-Frank, 158 F.3d 612, 616 (1st Cir. 1998); United States v. Agosto-Pacheco, 432 F. Supp. 3d 13, 24 (D.P.R. 2019) (emphasizing that "[t]he STA is a shield against prolonged prosecutions, not a sword against justified and self-inflicted delay"). Particularly, defendants cannot "sandbag" the district

court into granting a continuance and then claim their STA rights have been violated. Scantleberry-Frank, 158 F.3d at 616 (finding that the continuance granted at the bequest of defense counsel must be excluded from STA consideration).

The burden, however, is on the court and government, not the defendant, to comply with the STA. United States v. Winston, 492 F. Supp. 2d 15, 19 (D. Mass. 2007); United States v. Barnes, 159 F.3d 4 (1st Cir. 1998) (finding defendant's failure to object to the continuance of trial did not excuse the court's failure to make explicit findings for the ends-of-justice continuance thereby violating the STA). By not raising the STA violation prior to a motion to dismiss, a defendant does not waive his rights under the STA. Barnes, 159 F.3d at 14.

If the court finds that the defendant was not brought to trial within 70 non-excludable days, the defendant can move to dismiss the indictment and the court must dismiss the case, either with or without prejudice while considering:

> the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of [the Act] and on the administration of justice.

Zedner v. United States, 547 U.S. 489, 499 (2006). In the First Circuit, courts shall also consider a fourth factor, that is whether the delay prejudiced the defendant. United States v. Franklin, 630 F.3d 53, 58 (1st Cir. 2011). Dismissing with

prejudice is, however, "a last and rare resort." Id. (quoting United States v. Dessesaure, 556 F.3d 83, 85 (1st Cir.2009). Here, Defendant did not move for dismissal with prejudice, so the Court need not consider the relevant factors.

**B. Application**

At issue is whether 70 non-excludable days elapsed between February 12, 2026 and July 30, 2026. There is no dispute that the District of Puerto Rico is the "charging court" and the STA clock began when defendant appeared in that district. The Court will first make its own determination as to which days are excludable under §3161(h) and then address the issue of whether Judge Carreno-Coll's order tolling the STA was an open-ended, ends-of-justice continuance. Under both approaches, the Court finds that the STA was not violated.

**i. STA Excludable Delay Calculation**

The Court finds, based on its own calculation, that there are 65 non-excludable days between February 27, 2026, the date after which the Motion to Transfer was decided in the District of Puerto Rico, and July 30, 2026, the date of the status conference in the District of Massachusetts.

| **Dates in 2026 / Events** | **Number of Excludable Days** |
|---|---|
| February 27 – July 29 | 153 total days |

| | |
|---|---|
| March 24 - March 31<br><br>Defendant's Motion to Reconsider pending in D.P.R | - 8 days |
| April 1 - May 5<br><br>Government's Motion to Remand pending in D.MA. | - 35 days |
| Transportation of defendant from P.R. to MA. | - 10 days |
| June 25 - July 29<br><br>Defendant's Motion to Reconsider Detention pending in D.MA. | - 35 days |
| | = **65 non-excludable days** |

Defendant objects to the 35-day exclusion while the Motion to Remand was pending in the District of Massachusetts. He contends that, although the Motion to Remand was pending in this Court until May 5, 2026, time should not be excluded following the disposition of the Motion to Reconsider in the District of Puerto Rico on March 31, 2026 because the Motion to Remand became moot on that day. Defendant fails to acknowledge, however, that the Motion to Reconsider was decided in a different district and recorded on a different docket by a different Judge. There is no evidence that the Judge in this District was informed of or had reason to know about the decision in the District of Puerto Rico. It is reasonable to apply the period of exclusion for pretrial motions under the STA

to the Motion to Remand filed in this District. §3161(h)(1)(D). Therefore, this District had 30 days from the date on which it had all reasonably expected papers to decide the Motion to Remand before the elapsing of any non-excludable days. §3161(h)(1)(H).

This Court was not dilatory in deciding the government's Motion to Remand on or before May 5, 2026, and thus finds excludable the period of time between March 25, 2026, the date on which the Motion to Remand was filed and May 5, 2026, the date on which it was denied as moot. As a result, 65 non-excludable days have elapsed during the relevant period.

**ii. Open-ended Continuance**

The Court also concludes that the order of Judge Carreno-Coll, tolling time at the February 12, 2026 status conference, was an open-ended continuance such that the STA has not been violated. At that hearing, Judge Carreno-Coll ordered that

> [the] STA is tolled in the interest of justice until the next status conference.

Puerto Rico Docket No. 134. At that same hearing, the Puerto Rico court scheduled the next status conference for March 26, 2026. In his order Judge Carreno-Coll did not, however, require that the STA be tolled until March 26, 2026; he merely ordered the STA be tolled "until the next status conference." The March 26, 2026 status conference in the District of Puerto Rico never

took place because the case had already been transferred to the District of Massachusetts. The next status conference was held in this District on July 30, 2026.

Notably, the reason for the delay in convening the status conference was that the *defendant* moved to transfer venue to this District, which the government opposed. The permitted transfer, which benefited the defendant, unsurprisingly resulted in a delay in excess of the 10 excludable days under 18 U.S.C. §3161(h)(1)(E), and defendant now asserts that his rights under the STA have been violated. Defendant did not, however, arrive in Massachusetts until May 13, 2026, and new counsel were appointed for him on that date. While it was not his burden to raise the STA issue, defendant did not request a status conference or any other accommodation before registering his objection with respect to the STA at the status conference before the magistrate judge on July 30, 2026. Moreover, the delay cannot be attributed to the government's intentional noncompliance, negligence or even unreasonableness. Santiago-Becerril, 130 F.3d at 18, 22; United States v. Apicelli, 839 F.3d 75, 83 (1st Cir. 2016) (finding that delay with prejudice may be warranted when the government intentionally does not comply with the STA).

**iii. Alternative Calculation of Excludable Time**

Although not dispositive, the government cited to the Court at oral argument the United States District Court of Massachusetts Plan for Prompt Disposition of Criminal Cases ("The Plan"), adopted in 2009. Section 5(b)(1)(E)(iii) of that Plan states

> If on motion of a defendant pursuant to Rule 21 of Federal Rules of Criminal Procedure a case is ordered transferred to this district an excludable period shall commence on the date of the first day of the hearing on that motion in that other district and shall conclude on the date on which the defendant first arrives in this district in custody or the date on which the clerk receives the papers in the case, whichever is later.

Pub. Notice Regarding Modifications to the Plan for Prompt Disposition of Crim. Cases, U.S. Dist. Ct. for the Dist. of Mass., §5(b)(1)(E)(iii) (2009). The government contends that the alternative period of excludable delay should therefore run from December 11, 2025, the date on which defendant's Motion to Transfer was filed in Puerto Rico, to May 13, 2026, the date on which defendant was physically transferred into the District of Massachusetts.

Even though this alternative calculation of excludable time is not prescribed by the STA, it lends credence to the Court's conclusion that it is reasonable to exclude the time it took for the Court to appoint new counsel for defendant and for that counsel to get up to speed on the case during the pendency of

the government's Motion to Remand. If such time is excluded under this alternative calculation, the elapsed, non-excludable time does not exceed 70 days.

The government argues, and this Court agrees, that Judge Carreno-Coll's order in the Puerto Rico case to toll the STA "until the next status conference" is an open-ended continuance that serves the end of justice and, more particularly, resulted in a delay for the benefit of the defendant who had moved to transfer venue of the case over the government's objection. Further delay resulting from that transfer was inevitable and necessary for newly-appointed counsel to become familiar with the case and is considered excludable time in the Plan for the District of Massachusetts. Excluding appropriately designated periods between February 27, 2026 to July 30, 2026 is reasonable given the transfer of the case to this District at the request of the defendant. Moreover, even if the Court did not consider the continuance to be open-ended, by its calculation only 65 non-excludable days have elapsed during the relevant period. Accordingly, the Court finds that the STA has not been violated.

**III. Order**

For the foregoing reasons, defendant's Motion to Dismiss for Speedy Trial Act Violation [Docket No. 36] is **DENIED** and the government's Motion for Excludable Delay [Docket No. 29] is **ALLOWED**.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 15, 2026